# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER R. SILVA,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CIVIL ACTION NO. 1:CV-04-2018 |
| v. | : | |
| | : | (Judge Kane) |
| | : | |
| **MARYLAND SCREEN PRINTERS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

Before this Court are motions to dismiss for lack of personal jurisdiction and improper venue filed by Defendant Maryland Screen Printers, Inc. (Doc. No. 3). The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, the motions will be denied.

**I.     BACKGROUND**

Plaintiff initiated this civil action with a complaint under the Maryland Wage Payment Collection Law, M𝐷. C𝑂𝐷𝐸 A𝑁𝑁., Labor and Employment §§ 3-501 et seq., or alternatively under common law for wages, compensation, and damages arising from his former employment with Defendant. (Doc. No. 1).

Plaintiff is a resident of Camp Hill, Pennsylvania. (Doc. No. 1). Defendant is a Maryland corporation in the business of selling screen-printed and embroidered t-shirts. (Doc. No. 9). Plaintiff was hired by Defendant in December, 1997, for a sales position and was paid on a commission basis. (Doc. No. 1). Plaintiff typically commuted to and worked out of an office in Baltimore, Maryland;

however, Plaintiff used his Pennsylvania residence as a home office approximately four days per month. (Docs. No. 4, and 10, part 2). Each of Plaintiff's pay-checks were issued and picked up in Maryland. (Doc. No. 4).

Although Plaintiff's primary customer was located in New York, Plaintiff solicited sales on behalf of Defendant in the Commonwealth of Pennsylvania.[1] (Doc. No. 10). Plaintiff was the principal contact for five Pennsylvania customers with annual sales of approximately $29,000.[2] (Docs. No. 16 and 10, part 2). Roughly 3% of Plaintiff's sales were from customers in the State of Pennsylvania (Doc. No. 16), including but not limited to: Berks Regional Tennis Association which is located in Reading, Pennsylvania; and United States Tennis Association Middle States Section which is located in Montgomery County, Pennsylvania. (Doc. No. 9).[3]

Plaintiff disputed the basis for Defendant's assessment of certain costs, charges, or expenses against his commission. (Doc. No. 1). Plaintiff has alleged that Defendant refused to verify the actual expenses and costs incurred. Id. Among Plaintiff's disputed commissions were sales to Berks Regional Tennis Association and United States Tennis Association Middle States Section. (Doc. No.

---

[1] In response to Plaintiff's discovery requests, Defendant produced invoices and order forms for the period of 2000 through 2004 covering the following Pennsylvania entities: Harrisburg Academy, based in Wormleysburg, Cumberland County; Lebanon Valley College, based in Annville, Lebanon County; USTA Middle States Section, which used an address in Feasterville, Bucks County for its commercial transactions with Defendant; and Berks Regional Tennis Association, which used an address in Reading, Berks County, for its commercial transactions with Defendant. (Doc. No. 23).

[2] Sales to Pennsylvania constitute less than 1.5% of Defendant's total business. A portion of those sales originate with non-Pennsylvania customers; however such orders are shipped into the Commonwealth. (Doc. No. 3).

[3] Defendant has calculated that approximately 97% of Plaintiff's sales originate with customers outside the State of Pennsylvania. (Doc. No. 16).

10, part 2).  On September 11, 2003, Plaintiff's employment with Defendant was terminated.  (Doc. No. 1).

Plaintiff filed a complaint with this Court on September 13, 2004, against Defendant for non-payment of compensation under theories of breach of contract and violation of Maryland statutory law. (Doc. No. 1).  On October 13, 2004, Defendant filed motions to dismiss for lack of in personam jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.  (Doc. No. 3).  Plaintiff filed a brief in opposition to Defendant's motion along with a Plaintiff's sworn affidavit on November 1, 2004.  (Doc. No. 9 and 10).  Defendant filed its reply brief on November 16, 2004.  (Doc. No. 16).

## II.   JURISDICTION

This Court has original jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332 (2004).

## III.  STANDARD OF REVIEW

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to bring a motion challenging the court's right to exercise personal jurisdiction over them.  Fed. R. Civ. P. 12(b)(2).  The defendant bears the initial burden of raising a lack of personal jurisdiction.  Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  Once the issue is raised, the burden shifts to the plaintiff to establish that the exercise of personal jurisdiction over the defendant is proper.  Id.  On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff must "establish[] jurisdictional facts through sworn affidavits or other competent evidence."  Time Share Vacation Club v. Atl. Resorts, 735 F.2d 61, 66 n.9 (3d Cir. 1984)  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand

a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Id. The plaintiff need only make a prima facie showing of personal jurisdiction if there has been limited discovery or no evidentiary hearing. Carteret, 954 F.2d at 142. After a prima facie case has been made, Plaintiff must still eventually establish personal jurisdiction by a "preponderance of the evidence." Id.

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to bring a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a) (2004). The burden of establishing improper venue rests with the defendant; in discharging this burden, a defendant must show that upon a proper balancing of all relevant factors, the "case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001).

### IV.   DISCUSSION

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the state in which the court sits. FED. R. CIV. P. 4(e); see Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1221 (3d. Cir. 1992). Pennsylvania's long-arm statute extends personal jurisdiction to the fullest extent allowed under the Constitution of the United States. 42 PA. CON. STAT. ANN. tit 42, § 5322(b) (West 2004); see also Mellon, 960 F.2d at 1221. As a result, the long-arm statute is only limited by the Due Process Clause of the United States Constitution.

Under the Due Process Clause, a district court may assert jurisdiction over a non-resident defendant only when there are certain "minimum contacts" between the defendant and the forum state such that the defendant "would reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "[D]ue process requires only that in

4

order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v.Washington, 326 U.S. 310, 316 (1945).

A court may exercise general or specific jurisdiction over a non-resident defendant. Helicopteros Nacionales De Columbia v. Hall, 466 U.S. 408, 414-16 (1984). Specific jurisdiction applies to claims that are "related to or arise out of" the defendant's contacts with the forum state. Id. at 414. General jurisdiction applies to claims which need not arise out of the defendant's forum related activities, but the defendant has had "continuous and systematic" contacts with the forum state. Id. at 415-416.

A district court may dismiss a case brought in an improper venue, or in the alternative, transfer such case to any district or division in which it could have been brought . 28 U.S.C. § 1406(a). Accordingly, before determining whether a § 1406(a) transfer or dismissal is appropriate, a court must first find that venue was laid in an improper district.

### A.   **SPECIFIC JURISDICTION**

For this Court to exercise specific jurisdiction over Defendant it must first be determined whether Defendant has had sufficient minimum contacts with Pennsylvania. It must be determined whether Defendant's contacts have a relationship to the underlying claim. Jarzynka v. St. Thomas Univ. Sch. of Law, 323 F. Supp. 2d 660, 663 (W.D. Pa. 2004); see also World-Wide, 444 U.S. at 299. Once it has been decided that Plaintiff's claims arise out of, or are related to Defendant's contacts, it must then be determined whether "the assertion of personal jurisdiction would comport with [traditional

notions of] fair play and substantial justice." Burger King Corp. v. Redzewicz, 471 U.S. 462, 466 (1985).

### 1. The non-resident defendant must have sufficient minimum contacts with the forum state.

The Due Process Clause of the Fourteenth Amendment prohibits a court from exercising personal jurisdiction over a non-resident defendant unless the defendant has certain minimum contacts with the forum state. International Shoe, 326 U.S. at 316. There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The touchstone of the minimum contacts analysis is "whether the defendant has purposefully directed its activity toward the forum state." AMP Inc. v. Methode Electronics Inc., 823 F. Supp. 259, 262 (M.D. Pa. 1993); see Burger King Corp, 471 U.S. at 475-76. "The forum State does not exceed its powers under the due process clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide, 444 U.S. at 297.

Although Defendant is a Maryland corporation and the parties' business relationship originated outside Pennsylvania, Defendant's conduct in connection with Pennsylvania is such that it should reasonably anticipate being haled into a court of the Commonwealth. Agents of Defendant, including Plaintiff, solicited sales from Pennsylvania customers. (Doc. No. 10, part 2). In addition, Defendant sold and shipped merchandise to Pennsylvania purchasers. Id. The direct shipment of Defendant's

products to the Commonwealth demonstrates more than just a mere likelihood that its products would find their way there. World-Wide, 444 U.S. at 297. As a result, it was reasonably foreseeable that Defendant's conduct could lead to it being haled into a court of the Commonwealth. Id. Defendant has deliberately engaged in activities in the Commonwealth and thus, has purposefully availed itself of the benefit and privilege of conducting such activities in Pennsylvania. Accordingly, Defendant has established sufficient minimum contacts with Pennsylvania.

### 2. The claim must be one which arises out of or results from the defendant's forum-related activities.

Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities. In order to exercise specific jurisdiction there must not only be minimum contacts with the forum state, there must also be a relationship between those contacts and the underlying claim. Jarzynka, 323 F.2Supp. 2d at 663; see also World-Wide, 444 U.S. at 299 (due process requires the claim "to stem from a constitutionally cognizable contact with [the forum] State"); Reliance Steel Products v. Watson, Ess, Marshall and Enggas, 675 F.2d 587 (3d Cir. 1987) (allegation of negligent legal advice not related to defendant's only contact with forum, defendant's listing in a legal directory circulated in the forum state).

The contacts relied upon by Plaintiff are sufficient to confer specific jurisdiction. Plaintiff has alleged a breach of contract and a violation of the Maryland Payment Collection Law, MD. CODE ANN., Labor and Employment §§ 3-501 et seq. (Doc. No. 1). Although Plaintiff's claims are centered around the employment relationship with Defendant, part of the claims are related to and arise from sales to Pennsylvania companies solicited by Plaintiff. (Doc. No. 10, part 2). For example, Plaintiff

disputes the commissions owed to him for sales he solicited from Berks Regional Tennis Association, which is located in Reading, Pennsylvania. (Docs. No. 23 and 10, part 2). Similarly, Plaintiff disputes the commissions owed to him for sales he solicited from United States Tennis Association Middle States Section, which is located in Montgomery County, Pennsylvania. (Docs. No. 23 and 10, part 2). Although not all of Plaintiff's claims deal with Pennsylvania purchasers, Plaintiff has adequately demonstrated that his cause of action arises out of and relates to his dealing with the Defendant, as its agent, in Pennsylvania.

### 3. Exercise of jurisdiction over a non-resident defendant must be reasonable.

Personal jurisdiction over a non-resident defendant may only be asserted when it is reasonable and fair to require the defendant to conduct his defense there. "Due process requirements are satisfied when in personam jurisdiction is asserted over a non-resident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Helicopteros, 466 U.S. at 414 (quoting International Shoe, 326 U.S. at 316).

In making a fairness determination, this Court must consider: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. Burger King, 471 U.S. at 477. This determination is made at the Court's discretion. Pennzoil Prods. Co. v. Colelli & Assoc., 149 F.3d 197, 201 (3d Cir. 1998). It is well

settled that it is the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Grand Entertainment Group, Ltd. v. Star Media Sales, 988 F.2d 476, 483 (3d Cir. 1993) (quoting Burger King, at 477).

The burden of defending this action in the Middle District of Pennsylvania is slight, and the Plaintiff has a significant interest in pursuing his claims where he resides. In addition, Defendant purposefully engaged in activities that had an effect in the Commonwealth, which has a strong interest in protecting its citizens from the kind of conduct alleged in the Complaint. Defendant has not argued that any other state has a stronger interest in this litigation. Accordingly, the notions of fair play and substantial justice are not offended by a requirement that the Defendant defend itself in a Pennsylvania forum.

The Court concludes that Defendant purposefully engaged in activities with Pennsylvania and that Defendant could have reasonably expected to be haled into a court of the Commonwealth in an action related to its sales therein. Therefore, the Court will exercise specific jurisdiction over Defendant, and Defendant's motion to dismiss for lack of personal jurisdiction will be denied.

### B. GENERAL JURISDICTION

For this Court to exercise general jurisdiction it must determine whether Defendant maintained "continuous and substantial" affiliations with the forum State. International Shoe, 326 U.S. 310. A district court can assert jurisdiction over a non-resident defendant even when the cause of action does not arise out of, or relate to the defendant's activities in the forum state; however, the plaintiff must show "significantly more contacts with the forum state than the mere minimum contacts required for specific jurisdiction." Modern Mailers, Inc., 844 F. Supp. 1048, 1051 (E.D. Pa. 1994). If the court

determines that there are sufficient minimum contacts with the forum state, the court may then determine "whether the assertion of personal jurisdiction accords with the notions of fair play and substantial justice." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 701 (3d Cir. 1990) (quoting International Shoe, 326 U.S. at 316).

However, given this Court's conclusion that it may exercise specific jurisdiction over Defendant, this Court will not reach the issue of general jurisdiction. Defendant's motion to dismiss for lack of personal jurisdiction will be denied on the grounds stated in § IV(A), *supra*.

### C. VENUE

A civil suit in federal court based on diversity may be brought only in certain districts. Venue is appropriate in any district: (1) where any defendant resides, if all defendants reside in the same State; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a) (2004). However, a corporate defendant is deemed to reside "in any judicial district in which it is subject to personal jurisdiction." 28 U.S.C. § 1391(c).

For the reasons discussed above, this Court has concluded that it may exercise specific jurisdiction over Defendant. As a result, this Court also finds that venue is proper under 28 U.S.C. § 1391. Thus, Defendant's motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406 will also be denied.

### V. CONCLUSION

Based on the foregoing, this Court finds that Defendant established sufficient contacts with

Pennsylvania and that Plaintiff's claims arise from those contacts as to give this Court specific jurisdiction over Defendant. Therefore, Defendant's motions to dismiss for lack of personal jurisdiction and improper venue will be denied.

**VI.   ORDER**

**AND NOW**, this 15th day of September, 2005, upon consideration of Defendant's motions and all responsive papers thereto, for the above reasons, **IT IS HEREBY ORDERED THAT**:

1.  Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) (Doc. No. 3) is **DENIED**.

2.  Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) (Doc. No. 3) is **DENIED**.

      S/ Yvette Kane
Yvette Kane
United States District Judge